UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUCIO QUINTANA CHAIDEZ, | ) | CV 15-4694-AGR |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Chaidez filed this action on June 19, 2015. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On March 31, 2016, the parties filed a Joint Stipulation that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

## I.

## **PROCEDURAL BACKGROUND**

On April 20, 2012, Chaidez filed an application for disability insurance benefits and supplemental security income, alleging an onset date of March 31, 2009. Administrative Record ("AR") 25. The applications were denied initially and on reconsideration. AR 25, 69-70, 97-98. Chaidez requested a hearing before an Administrative Law Judge ("ALJ"). On January 8, 2014, the ALJ conducted a hearing at which Chaidez and a vocational expert testified. AR 40-50. On April 9, 2014, the ALJ issued a decision denying benefits. AR 22-35. On April 21, 2015, the Appeals Council denied the request for review. AR 1-6. This action followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ determined that Chaidez met the insured status requirements through December 31, 2014. AR 27.

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Chaidez had the severe impairments of coronary artery disease and diabetes mellitus type II. AR 27. Chaidez had the residual functional capacity ("RFC") to perform a narrow range of light work. He could sit, stand or walk for six hours in an eight-hour workday with normal breaks; lift/carry 20 pounds occasionally and 10 pounds frequently; push/pull with the same lift/carry limitations; perform, on an occasional basis, all postural activity including crouching, crawling, kneeling, stooping, balancing, climbing ramps and stairs, and climbing ramps, ropes and scaffolds. Chaidez had no manipulative, visual, communicative or environmental limitations. AR 31. The ALJ found Chaidez capable of performing past relevant work as a shoe salesman. AR 34.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

### C. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 806 F.3d at 493 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346

(citing Social Security Ruling ("SSR") 88-13) (quotation marks omitted).[2] The ALJ may consider: (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Chaidez's medically determinable impairments could reasonably be expected to cause associated symptoms, but his statements concerning the intensity, persistence and limiting effects of his symptoms were not credible" to the extent they were inconsistent with the RFC. AR 34. The ALJ relied on two reasons: (1) the objective medical evidence does not support the degree of alleged symptoms; and (2) inconsistency in the claimant's testimony and statements in the medical record. *Id.*

Although it is a factor the ALJ may consider in assessing credibility, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ noted that Chaidez reported to a treating physician that he did not have chest pain or dyspnea on exertion. AR 33 528. Chaidez later reported to the examining physician that he has "'occasional' chest pain 'on and off.'" AR 32, 461. These statements to physicians were inconsistent with Chaidez's testimony that he cannot work because he has chest pain "all the time" and "every night."[3] AR 32, 44. The ALJ's finding that the objective medical evidence did not support Chaidez's testimony at the hearing is supported by substantial evidence. Chaidez had a heart attack followed by

---

[2] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

[3] The ALJ also noted that Chaidez testified he experiences chest pain after walking a mile. AR 32, 45. Every morning he walks with his grandson and granddaughter to school. His granddaughter's school is 1½ miles away.

5

1  angioplasty with three stents in 2011.  AR 33.  In March 2013, Chaidez reported to the
2  examining physician that he had recently experienced occasional chest pain on and
3  off.[4]  The examining physician noted that Chaidez's vision was 20/40 with visual fields
4  grossly intact.  AR 32, 462.  Palpation of the back did not elicit pain or spasm, and
5  motor strength was 5/5.  AR 32, 463.  Cardiovascular examination was normal.  AR 32,
6  464.  In April 2013, Chaidez reported to a treating physician, Dr. Chana, that he had
7  been doing well since the 2011 procedure but recently experienced chest pain that was
8  different from the angina that preceded his heart procedure.  AR 33, 552, 554.  In
9  August 2013, a cardiologist noted that Chaidez's chest pain was atypical for ischemia.
10 His electrocardiogram showed normal sinus rhythm and, consistent with prior anterior
11 mycardial infarction, poor R-wave progression anteriorly.  AR 33, 550.  The ALJ noted
12 that more recently, on October 31, 2013, the medical records indicated "no chest pain at
13 this time" and chronic diastolic heart condition was "stable [with] no symptoms."  AR 33,
14 496.  On November 27, 2013, Chaidez reported walking one mile, three times per week,
15 with chest pain at 2/10 lasting less than one second.[5]  AR 487.

    The ALJ did not err in assessing Chaidez's credibility.

---

[4] Previously, in February 2013, Chaidez's medical records indicate no chest pain or dyspnea on exertion.  AR 528.

[5] The Appeals Council noted that it reviewed medical records from May 9 – July 9, 2014 that post-dated the ALJ's decision.  The Appeals Council concluded that those records did not affect the ALJ's decision through April 9, 2014.  AR 2.

# IV.

# ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: June 1, 2016

ALICIA G. ROSENBERG
United States Magistrate Judge